NO. 7437. STATE OF LOUISIANA.

J. F. PIERSON
 COURT OF APPEAL
 VS

MRS. LILLY CARMOUCHE. PARISH OF ORLEANS.

7437

194

By his Honor John St. Paul.

This is a contest over the proceeds of certain furniture. Opponent claims under a vendor's privilege. Plaintiff claims, 1; By virtue of a subrogation to a lessor's privilege; and 2; By virtue of a conventional pledge.

I.

In August 1916 defendant leased certain premises from one Peter Jung and gave him her non-negotiable notes for the rent. At the same time she also purchased on credit from opponent the furniture herein seized and sold; but before placing the furniture on the leased premises opponent obtained from the lessor a waiver of the lessor's privilege.

On May 1st. 1917 and again on June 1st., defendant being unable to pay her rent for the months of April and May, applied for assistance to plaintiff, her legal adviser. The latter, being in ignorance of the waiver aforesaid, paid the rent to the bank where the lessor had deposited for collection$ the rent notes given him by defendant; and thereupon took from her (the debtor) a subrogation to the lessor's claim (C. C. 2160 #2).

As we have said before the rent notes given by defendant were not negotiable; for we find that they were payable simply to Peter Jung, not to order or bearer.

It is therefore wholly unnecessary to inquire whether the holder of a negotiable note, secured by mortgage or privilege, takes the same free of any unknown equities which might exist as to the mortgage or privilege by which it is secured. For however the rule may be as to negotiab' instruments, the reason thereof would be wholly inapplicable to non-negotiable credits. As to the latter they do not come within the scope of the Law Merchant, and whoever acquires such credits acquires only such rights as his author had, since by the general law no one can transfer to another any greater right than he himself has. See 19 An. 100.

195

The evidence establishes, and plaintiff admits, that at the time he took the _conventional_ pledge, he then knew that opponent had a vendor's lien upon the furniture, and that he had then been informed that the lessor's privilege had been waived.

The jurisprudence formerly was that the purchaser or pledgee of personal property, who knew that his vendor or pledgor still owed a balance on the purchase price thereof, took the property subject to the vendor's lien thereon. (See Beauregard Furniture Co. vs Harry Katz et al, No. 7423 of our docket and authorities there cited; especially Seelig vs Dumas, 48 An 1494.)

But that jurisprudence was changed in Dreyfous vs. Cade, 138 La. 298, where the court very distinctly held that "a purchaser on credit of movable property may sell it to a third person who knows that he has not paid the price, and the original vendor loses his privilege" (Syllabus I).

We do not think the authorities cited by the court support the proposition as stated, but the ruling is too clear to be disregarded.

The judgment appealed from must therefore be affirmed.

Judgment Affirmed.

New Orleans La. November 1919.

--- --- --- ---

ON REHEARING. **7437**

Per Curiam;

We submitted to the Supreme Court the following question, towit;

May a purchaser on credit of mavable property validly give it in pledge to a third person, who knows that he has not paid the price (but is otherwise in good faith), so as to vest in the pledgee a right superior to that of the vendor whose privilege thereupon ceases (?) by reason of the property having passed out of the possession of the vendee?

The court answered; Yes.

Our former decree is therefore reinstated and made the final judgment herein.

New Orleans, La, March 1920.